IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY CLARK,

                Plaintiff,

v.                                         ORDER

CAROLYN W. COLVIN,                          14-cv-377-jdp
Acting Commissioner of Social Security,

                Defendant.

---

      Plaintiff Timothy Clark sought judicial review of a final decision of defendant Carolyn Colvin, Acting Commissioner of Social Security, finding him not disabled within the meaning of the Social Security Act. The parties jointly moved to remand this case to the Commissioner for further proceedings, Dkt. 16, and the court entered judgement in Clark's favor on December 11, 2014, Dkt. 18. Several months later, the parties jointly moved the court to award Clark attorney fees under the Equal Access to Justice Act. Dkt. 24. The court granted the parties' motion and awarded Clark $4,800 in fees. Dkt. 25 and Dkt. 26.

      Clark has now moved for additional attorney fees, pursuant to 42 U.S.C. § 406(b). Dkt. 27. Section 406(b) authorizes a court to award fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." Here, Clark contends that he is entitled to $3,120.66 in additional attorney fees. The Commissioner does not oppose Clark's entitlement to fees, but she disagrees with how Clark calculated the amount of his past-due benefits (she calculated a lower amount, which means that Clark is entitled to less in attorney fees). Clark has not replied to the Commissioner's opposition to his motion or otherwise defended his calculations. The court will therefore grant Clark's motion for attorney fees, but award only $880.96 in fees.

As the Commissioner's opposition explains, Dkt. 29, at 2, there are three errors in how Clark calculated the amount of his past-due benefits. First, Clark included supplemental security income payments for months after August 2013. But Clark would not have been eligible to receive these payments had he been receiving disability insurance benefits (DIB) at the time, and so he must exclude them when calculating the amount of his past-due benefits. Second, the Commissioner began paying benefits in November 2015, so any benefits that Clark received that month do not qualify as "past-due." Third, the Commissioner rounds down payments for DIB to the nearest dollar.[1] With these corrections, Clark had $22,723.85 in past-due benefits. Dkt. 29-1, at 4.

Twenty-five percent of Clark's past-due benefits is $5,680.96, and so this would be the amount that Clark's attorney is entitled to recover in fees under § 406(b). But Clark has already received $4,800 in attorney fees, and his contingency fee agreement credits these fees toward the total fee award. Thus, Clark is entitled to recover only $880.96 in additional fees. Clark contends—and the Commissioner does not dispute—that the Social Security Administration is already withholding the full $5,680.96 in attorney fees. Because Clark's attorney has already received $4,800, Clark is entitled to recover that amount from the agency. The Commissioner must pay the remaining $880.96 to Clark's attorney.

ORDER

IT IS ORDERED that:

1. Plaintiff Timothy Clark's motion for attorney fees, Dkt. 27, is GRANTED in part.

---

[1] The Commissioner could have also pointed out that Clark's calculations for his DIB payments are just wrong. *See, e.g.*, Dkt. 28, at 1 (suggesting that 12 x $2110.10 is $6,721.30).

2. The clerk of court is directed to enter judgment in favor of plaintiff, instructing defendant Carolyn Colvin, Acting Commissioner of Social Security, to pay $880.96 to plaintiff's attorney and to pay $4,800 to plaintiff.

Entered June 1, 2016.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge